JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   12 CIV 7523 (WHP)
------------------------------------------------------------x
TRAC LEASE, INC.,

                        Plaintiff,

             -against-

MEDITERRANEAN SHIPPING CO., S.A.,

                        Defendant.
------------------------------------------------------------x

: ECF Case

RECEIVED OCT 05 2012 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff Trac Lease, Inc. ("Trac"), by its undersigned counsel, for its Complaint herein, respectfully alleges as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff Trac is a Delaware corporation with its principal place of business located at 211 College Road East, Princeton, New Jersey. Trac provides intermodal marine and domestic chassis under both long-term leases and short-term rental agreements (called "User Agreements") to a customer base including the world's leading steamship lines, Class I railroads, major U.S. intermodal transportation companies and motor carriers.

2. On information and belief, defendant Mediterranean Shipping Co., S.A. ("MSC") is a corporation organized under the laws of Switzerland with its principal place of business located in Geneva, Switzerland. MSC also maintains a New York office at 420 Fifth Avenue, New York, New York. MSC is a large international shipping line engaged in the intermodal transportation of cargo (via container ship and over the road) on a global basis, and is a lessee of significant amounts of intermodal equipment, including chassis, from Trac.

3. This is a claim for breach of contract and the associated covenant of good faith and fair dealing, based upon MSC's refusal to pay the full amount of the daily rental fees it owes to Trac, pursuant to MSC's written User Agreements with Trac, as set forth in more detail below.

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(2) (diversity of citizenship), because plaintiff Trac is a citizen of the States of Delaware and New Jersey, and defendant MSC is a citizen of a foreign state; and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. 1391(a), in that defendant MSC maintains an office, is subject to personal jurisdiction, and thus resides within this District, and because the parties have agreed in their User Agreements that venue is proper in this Court.

**Facts**

6. So-called "chassis pools" that serve the intermodal shipping industry are maintained at a number of different locations throughout the United States, often in or around port terminals and railroad ramps. The general business model of a chassis pool is that a lessor-supplier of intermodal equipment, like Trac, makes chassis available at the pool location for use by its customers. A "chassis" is a non-self propelled, steel wheeled frame designed to carry a shipping container over the road when pulled by a truck. The chassis-container combination is the functional equivalent of a truck trailer. Trac's lessee-customers, like MSC, enter into a "User Agreement" with Trac, pursuant to which they can rent chassis from the pool as needed in their shipping business, and use such chassis for only as long as they need them. The lessee pays the lessor a "per diem" daily rate for each chassis it uses; the applicable per diem rate is established as one of the terms of the User Agreement. Access to intermodal chassis in chassis pools gives a shipping line considerable flexibility (relative to purchasing its own equipment or leasing

equipment long-term) by enabling the shipping line to more closely match the amount of chassis it is leasing to its actual equipment needs.

7. In 2009, Trac and MSC entered into a series of User Agreements that set forth the terms and conditions pursuant to which MSC would be permitted to use Trac equipment at various specified chassis pools, and pursuant to which MSC would be required to pay for such equipment, in lease accounts numbered 15017, 16621, 16679, 18547, 18618, 18619, and 18736 that MSC maintained with Trac.

8. The User Agreements to which MSC agreed to be bound all contained the following provision (or one identical thereto in all material respects):

> To the extent that during the Term, as the same may be extended, there are changes to any applicable local, state or federal rules or regulations that materially increase Lessor's cost of operating the Pool (including, without limitation, changes in Roadability Regulations (defined below) imposed or implemented by the Federal Motor Carrier Safety Administration [the "FMCSA"]), Lessor shall have the right upon written notice to User, to increase the applicable Per Diem Rate effective the first calendar day of the month of such increase or change, as the case may be. "Roadability Regulations" shall mean the FMCSA's regulations for entities offering intermodal chassis to motor carriers for transportation of intermodal containers in interstate commerce mandated by Section 4118 of the Safe, Accountable, Flexible, Efficient Transportation Equity Act.

9. In May 2011, in response to changes in FMCSA rules and regulations, Trac issued a written notice to MSC exercising Trac's contractual right to increase the per diem rates charged by Trac under the applicable User Agreements, in order to account for its cost of compliance with the new FMCSA rules and initiatives. As stated in a written notice dated May 18, 2011 that Trac sent to MSC, Trac began incurring material operating cost increases as a result of the new FMCSA rules prior to May 2011; however, Trac sought, and in this lawsuit currently seeks, to recapture its cost increases only for May 2011 forward, not retroactively for the period prior to May 2011. And because Trac's analysis showed that the cost impact of the

FMCSA rule changes varied across pool locations, Trac increased the per diem rate on a pool-by-pool basis to best reflect the actual increases at each pool.

10. In breach of MSC's contractual obligations to pay the rate increases of which MSC was notified by Trac in May of 2011, MSC has failed, and continues to fail, to pay any of the applicable increases to its per diem rates under its User Agreements with Trac.

### First Cause of Action
### (Breach of Contract)

11. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 10 hereof as though fully set forth herein.

12. As a result of its failure to pay the increase in per diem rates of which it was notified by Trac in May 2011, MSC is in breach of its User Agreements with Trac covering MSC's account numbers 15017, 16621, 16679, 18547, 18618, 18619, and 18736.

13. By reason of the foregoing breach of contract by MSC, Trac has suffered damages through August 2012 in excess of $2.2 million, and will continue to incur additional damages for as long as MSC continues in its failure to pay the full per diem rates to which Trac is entitled pursuant to the terms of the User Agreements.

### Second Cause of Action
### (Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing)

14. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 13 hereof as though fully set forth herein.

15. Prior to the execution of the applicable User Agreements described hereinabove, MSC signed a proposal prepared by Trac dated February 6, 2009 (the "Proposal").

16. The Proposal stated that if "new governmental rules or regulations are imposed or implemented that increase Lessor's cost of operating the Pools (including, without limitation,

4

rules and regulations imposed or implemented by the . . . FMSCA . . ., Lessor will notify and mutually agree with Lessee first, for any pertinent and eventual adjustment on terms and conditions set by this agreement."

17. On May 18, 2011, as described hereinabove, Trac notified MSC of the cost increases that it had experienced and sought to pass through to MSC pursuant to the User Agreements. On numerous occasions since that time, Trac has diligently sought MSC's agreement to the proposed rate increases. When MSC's agreement was not forthcoming, Trac sought to be informed by MSC of its specific objections thereto. Trac's efforts in this regard have been met with a combination of generalizations, silence, and delay.

18. Even if, *arguendo,* the terms of the Proposal survived the execution of the User Agreements, MSC is nonetheless in breach of its contractual obligations to Trac under the User Agreements and under the Proposal. Within every contract is an implied covenant of good faith and fair dealing. That covenant embraces a pledge that neither party will do anything destructive or injurious to the right of the other party to receive the benefits of the contract. This covenant prevents a party from, among other things, acting arbitrarily or irrationally where a contract contemplates the exercise of judgment or discretion.

19. MSC's refusal to acknowledge, agree to and pay for the bona fide cost increases as to which Trac has given notice and sought MSC's agreement, violates the parties' written User Agreements and the Proposal (if the latter is deemed to have survived execution of the User Agreements), including the implied covenant of good faith and fair dealing that is part and parcel of every agreement.

20. By reason of the foregoing breach of contract by MSC, Trac has suffered damages through August 2012 in excess of $2.2 million, and will continue to incur additional damages for

as long as MSC continues in its failure to pay the full per diem rates to which Trac is entitled pursuant to the terms of the User Agreements.

WHEREFORE, plaintiff Trac Lease, Inc. demands judgment against defendant Mediterranean Shipping Co., S.A., as follows:

a. For damages in excess of $2.2 million plus ongoing damages as described herein, the precise amount to be determined at trial;

b. For prejudgment and post-judgment interest on the foregoing sum at the rate mandated by applicable law;

c. For its costs of this action; and

d. For such further relief as the Court may deem just and proper.

Dated: New York, New York
October 9, 2012

*[signature]*

LLOYD S. CLAREMAN
121 East 61st Street
New York, NY 10065
Tel. No. (212) 751-1585
Fax No. (212) 838-0814
Lloyd.Clareman@clareman.com

Attorney for Plaintiff
Trac Lease, Inc.